UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER PARKER,**

    **Plaintiff,**

v.

    Case No. 2:23-cv-2099
    **JUDGE EDMUND A. SARGUS, JR.**
    **Magistrate Judge Elizabeth Preston Deavers**

**CONSOLIDATED COOPERATIVE,** *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court on a Motion for Judgment on the Pleadings by Defendants Consolidated Cooperative and Jack Cramer (ECF No. 30) and a Motion for Leave to File Memorandum of Amicus Curiae opposing Defendants' Motion by the Ohio Employment Lawyers Association ("OELA") (ECF No. 32). Plaintiff Christopher Parker opposed Defendants' Motion (ECF No. 31) and Defendants replied (ECF No. 35). For the reasons below, the Court **DENIES** Defendants' Motion and **GRANTS** OELA's Motion for Leave.

## BACKGROUND

Consolidated Cooperative is a non-profit corporation that provides electric service to homes and businesses. (Compl., ECF No. 1, ¶ 7.) Mr. Parker worked for Consolidated Cooperative from March 16, 2017 until his termination on May 16, 2022. (*Id*. ¶ 10.) At the time of termination, Mr. Parker was 50 years old. (*Id.* ¶ 10.) Mr. Cramer served as Consolidated Cooperative's Operations Manager. (*Id.* ¶ 9.)

According to the Complaint, Mr. Cramer regularly made comments about Mr. Parker's age. (*Id.* ¶ 12.) In March 2022, Mr. Parker was not offered a Natural Gas position. (*Id.* ¶ 11.)

1

Mr. Cramer told him that "he was too old to be doing that kind of work." (*Id.*) Mr. Parker also was paid less than younger employees. (*Id.* ¶ 14.)

Mr. Parker injured his knee at work, and thereafter Consolidated Cooperative forced him to work outside his restrictions and demoted him from service technician to bobtail. (*Id.* ¶ 15.) On May 16, 2022, Mr. Parker's doctor ordered six weeks medical leave for an upcoming surgery and light duty for a few weeks after his return. (*Id.* ¶ 17.) That morning, Mr. Parker faxed the medical leave paperwork to Mr. Cramer and a human resources employee. (*Id.* ¶ 18.) One hour later, Mr. Parker was terminated. (*Id.* ¶ 19.) Consolidated Cooperative replaced Mr. Parker with a 32-year-old employee. (*Id.* ¶ 24.)

The stated reason for Mr. Parker's termination was picking wild mushrooms on a customer's property. (*Id.* ¶ 19.) Mr. Cramer originally thought a younger worker had picked the mushrooms and indicated to the customer that the worker would not be fired. (*Id.* ¶ 22.) Mr. Parker alleges that other younger, non-disabled employees who were not going on medical leave had picked mushrooms on customer properties and were not disciplined or terminated. (*Id.* ¶ 23.)

Mr. Parker filed charges with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission. (*Id.* ¶ 25.) Mr. Parker received a right to sue letter from the Ohio Civil Rights Commission on April 6, 2023. (*Id.* ¶ 26; ECF No. 1-1.)

Mr. Parker filed this lawsuit, bringing state and federal age and disability discrimination and retaliation claims against Consolidated Cooperative and state law claims against Mr. Cramer. ((*Id.*, PageID 6–12.) Defendants move for judgment on the pleadings as to the two claims against Mr. Cramer: (1) disability retaliation in violation of Ohio Revised Code § 4112.02(I) and (2) aiding and abetting discrimination and retaliation in violation of Ohio Revised Code § 4112.02(J). (Mot., ECF No. 30, PageID 145.)

2

## STANDARD OF REVIEW

Defendants move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c). (*Id.*) The Federal Rules of Civil Procedure provide that "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review for a Rule 12(c) motion for judgment on the pleadings is identical to the standard for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a). While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying the plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677–79 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

## ANALYSIS

Defendants move for judgment on the pleadings as to Plaintiff's claims against Mr. Cramer for violations of Ohio Revised Code §§ 4112.02(I) and (J). Under division (I) and (J), it is an unlawful discriminatory practice:

> (I) For any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any

3

> manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.
>
> (J) For any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

Ohio Rev. Code §§ 4112.02(I)–(J).

Defendants argue that the Ohio legislature amended the code to eliminate individual liability for supervisors and managers for retaliation and for aiding and abetting employment discrimination. (Mot., ECF No. 30, PageID 147.) Defendants note that Ohio law does not allow individual liability "based on an unlawful or discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01." (*Id*. (quoting Ohio Rev. Code § 4112.08(A)).) Defendant then states that division (A)(24)(a) covers "an unlawful discriminatory practice prohibited by §§ 4112.02(A)–(F), and an unlawful discriminatory practice prohibited by §§ 4112.02(I)-(J) related to employment." (*Id.* (citing Ohio Rev. Code § 4112.01(A)(24)(a)).)

The Court does not agree with Defendants' reading. By its plain language, division (A)(24)(a) only includes discrimination "prohibited by division (A), (B), (C), (D), (E), or (F) of section 4112.02 of the Revised Code." Ohio Rev. Code § 4112.01(A)(24)(a). Division (A)(24)(b) includes discrimination "prohibited by division (I) or (J) of section 4112.02 of the Revised Code that is related to employment." Ohio Rev. Code § 4112.01(A)(24)(b). If the Ohio legislature intended § 4112.08(A) to bar individual liability for discriminatory practices in §§ 4112.02(I) and (J), it would not have constrained its effect to practices "described in division (A)(24)(a)." *See* Ohio Rev. Code § 4112.08(A).

Further, the language in § 4112.02(I) and (J) prohibits acts by "any person." In other divisions, including §§ 4112.02(A)–(E), the language specifically prohibits acts by "any

4

employer," "an employment agency or personnel placement service," or "any labor organization." If the legislature intended to limit the application of §§ 4112.02(I) and (J), it would not have used the language "any person."

Ohio Courts of Appeals have held that employees may still bring §§ 4112.02(I) and (J) claims against supervisors. *See, e.g.*, *Bostick v. Salvation Army*, 213 N.E.3d 730, 745 (Ohio Ct. App. 2023); *Anderson v. Bright Horizons Child.'s Ctrs., LLC*, 2022-Ohio-1031, ¶ 75 (Ohio Ct. App. 2022); *Burch v. Ohio Farmers Ins. Co.*, 211 N.E.3d 202, 209 (Ohio Ct. App. 2023) ("an individual supervisor will only face individual liability if (1) the supervisor is an employer, or (2) the claim involves retaliation for opposing discrimination, aiding a discriminatory practice, or obstructing a person from complying with the Ohio Civil Rights law. *See* R.C. [§] 4112.01(A)(24)(a); R.C. [§] 4112.08(A).") The Court agrees with these holdings.[1]

Defendants argue that this reading would lead to absurd results. (Reply, ECF No. 35, PageID 190.) Defendants point out that there is no individual liability for violations of § 4112.02(A), which prohibits discrimination in hiring and employment conditions. (*Id*.) According to Defendants, this reading would cause a supervisor to be liable for attempting an act of discrimination under § 4112.02(J) where the supervisor could not be liable for completing the same act under division (A). (*Id*.) Division (J) does make it unlawful "to attempt directly or indirectly to commit any act declared by [§ 4112.02] to be an unlawful discriminatory practice." Ohio Rev. Code § 4112.02(J). But this does not lead to Defendants' conclusion. Section 4112.02(A) only labels as "unlawful discriminatory practice[s]" discriminatory acts taken by "any

---

[1] Defendants cite this Court's decision in *Sherman v. Public Employees Retirement Systems*, No. 2:22-cv-4161, 2023 U.S. Dist. LEXIS 174092 (S.D. Ohio Sep. 28, 2023). (Mot., ECF No. 30, PageID .) After Defendants filed this Motion, this Court modified its prior decision as to §§ 4112.02(I) and (J). *Sherman v. Pub. Emps. Ret. Sys.*, No. 2:22-cv-4161, 2024 U.S. Dist. LEXIS 136410 (S.D. Ohio Aug. 1, 2024).

employer." An individual who is not an employer cannot be liable under division (J) for attempting an act listed under division (A) because such an act would not be "an unlawful discriminatory practice." *See* Ohio Rev. Code §§ 4112.02(A), (J).

Ohio law allows individual liability for supervisors and managers who violate §§ 4112.02(I) and (J). Therefore, the Court **DENIES** Defendants' Motion for Judgment on the Pleadings. (ECF No. 30.)

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Judgment on the Pleadings. (ECF No 30.) The Court **GRANTS** OELA's Motion for Leave to File Memorandum of Amicus Curiae. (ECF No 32.)

This case shall remain open.

**IT IS SO ORDERED.**

**11/1/2024**                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                           **UNITED STATES DISTRICT JUDGE**